## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MICHAEL C. TIERNEY,

    Plaintiff,

v.                                            Case No. 8:14-cv-9-T-30EAJ

SARASOTA COUNTY JAIL,

    Defendant.
_____/

### O R D E R

Plaintiff, a pre-trial detainee at Sarasota County Jail ("SCJ") proceeding *pro se*, initiated this action on January 2, 2014, by filing what appears to be a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1). The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court has determined that Plaintiff's complaint must be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

Plaintiff first alleges that he believes his life is in danger because he filed a lawsuit against two state court judges. He next alleges that another inmate, Chris Bain, raped and assaulted several other inmates at SCJ, staff at SCJ watched Bain assault and rape another inmate, and staff have failed to "prosecute" Bain for assaulting and raping other inmates. As relief, Plaintiff requests the Court "investigate" Bain, and place Plaintiff in federal custody until the conclusion of the ongoing state criminal proceedings against him.

DISCUSSION

First, Plaintiff has failed to name a defendant amenable to suit. The SCJ is not a legal entity amenable to suit. *See Brannon v. Thomas County Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) ("County Jail is not an entity capable of being sued under Georgia law"); *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (holding that "county jails are not legal entities amenable to suit."); *Hart v. Judd*, 2011 U.S. Dist. LEXIS 88873, at *8 (M.D. Fla. Aug. 10, 2011) (unpublished) ("Florida law does not recognize a jail facility as a legal entity separate and apart from the county or sheriff.") (citations omitted).

Second, Plaintiff's allegations fail to demonstrate a constitutional violation. To prevail on a claim under § 1983, Plaintiff must demonstrate (1) that he was deprived of a right secured by the Constitution or federal law and (2) that such deprivation occurred under color of state law. *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998).

Plaintiff's allegations are conclusory, unsupported, and simply do not show a violation of his constitutional rights. *See, e.g.*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983); *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991) ("The Constitution does not protect against all intrusions on one's peace of mind."). Therefore, Plaintiff has failed to state a valid civil rights claim.

Accordingly, the Court **ORDERS** that:

1.    Plaintiff's complaint (Dkt. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. The dismissal is without prejudice to Plaintiff filing a new complaint with a new case number.

2.    The **Clerk** is directed to mail with Plaintiff's copy of this Order a court-approved form for filing a civil rights complaint and an Affidavit of Indigency form, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 3, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*